RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/3/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

KYIDE TOLBERT

VERSUS

JAMES LEBLANC, ET AL.

DOCKET NO. 11-cv-2034; SEC. P

JUDGE DEE D. DRELL

MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis by pro se Plaintiff **Kyide Tolbert**. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (DOC) and is housed at the LCS Caldwell Detention Center. Plaintiff complains of malicious prosecution, negligence, and false imprisonment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff states that on 3/7/97, he was sentenced to 7.5 years imprisonment to run consecutive to four years remaining on a previous 8 year sentence for armed robbery, for which he had been paroled. He states that he served 2 of the four remaining years on the armed robbery sentence and served three years and ten months on the 1997, 7.5 year sentence. He was released on April 26, 2002, on good time parole. [Doc. #1, p.4/14] Because the sentences were consecutive, he had 2 years left on the original armed robbery sentence and 3 years, 10 months left on the 1997 sentence.

On April 26, 2004, the two remaining years on the armed robbery sentence expired.

On August 2004, Petition had a positive urinalysis for drugs. Plaintiff was detained on a parole hold until his parole was revoked on December 2, 2004. Instead of calculating that he had **3 years, 10 months** left to serve, the records analyst included the expired two year term, for a total of five years and 10 months.

Plaintiff served **3 years, 3 months** of the remaining sentence. He was released on November 1, 2007, and it was determined that he still had 2 years, 7 months of parole, instead of just 7 months.

Thus, when Plaintiff was next arrested on **July 24, 2009**, he was detained by a parole hold for a sentence that had actually expired. Plaintiff was sentenced on **September 14, 2010**, to **8 years** for simple criminal damage to property, attempted home invasion, and attempted escape. He complains that this 8 year sentence was based on the incorrect information in his pre-sentence investigation that he had violated parole.

After filing administrative grievances, Plaintiff's time computation was changed to give him credit for the two years that he had completed on his armed robbery sentence. Plaintiff's release date was corrected from March 5, 2020, to September 12, 2017. [Doc/ #1-2, p.14, 15]

### *Law and Analysis*

1. **False imprisonment**

    Plaintiff claims that he was falsely imprisoned from July 24, 2009 (date of arrest) through September 14, 2010 (date of sentencing), while he was incarcerated on a parole hold after being arrested on various new charges. The parole hold was erroneous. However, Plaintiff presumes that he would have been able to make bail on the new charges against him. This allegation is conclusory. Plaintiff cannot show what his bail would have been set at or that he would have been able to post the amount required.

2. **Malicious Prosecution**

    Plaintiff has not stated a claim for malicious prosecution. A "malicious prosecution" occurs when criminal proceedings are initiated against an innocent person, for improper purpose and without probable cause therefor, if proceedings terminate favorably for the person thus prosecuted. See Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003). In this case, Plaintiff was prosecuted for, *and convicted of*, simple criminal damage, home invasion or attempted home invasion, and escape or attempted escape. [Doc. #1-2, p.15] These charges were not terminated favorably. As for the mistaken parole hold, Plaintiff was not "prosecuted" for a parole violation.

3. **Credit for time served & harsher sentence**

    Ultimately, Plaintiff received credit against his latest

sentence for the time he was held on the erroneous parole hold. He has not served a day more than he was required to serve.

To the extent that Plaintiff seeks compensation for his allegation that he received a harsher sentence because of the presumed parole violation, his claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. Plaintiff would have to show that his 2010 sentence had been reversed or declared invalidated. Clearly, it has not.

### Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **denied and dismissed** for failure to state a claim for which relief can be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of April, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE